■ WILLIAM F. GRAHAM, Appellant, v. GARY W. WAITE, Respondent.— Order unanimously modified in accordance with the Memorandum and as modified affirmed, with costs to appellant. Memorandum: Based upon remarks made by plaintiff's counsel to the jury panel on the voir dire examination the court not only granted a mistrial but also restricted the scope of inquiry at the drawing of a subsequent jury panel. It was an improvident exercise of discretion to direct and instruct counsel that on a subsequent trial he " refrain from asking the jury panel or any members thereof any questions relating to insurance or insurance companies except the items specifically enumerated in § 4110 CPLR ". The order, which effects a limitation on the voir dire examination herein, in substance circumscribes the right to determine whether there is any basis for the exercise of a peremptory challenge and therefore that portion of the order should be stricken. Without passing upon any specific question asked of prospective jurors in this case, and speaking generally, we believe that without undue emphasis on the subject the matter of dissemination through various news media of the impact of monetary awards in negligence cases upon automobile liability insurance rates may be a proper subject for exploration upon voir dire examination of a jury panel. Finally, it should be noted that the disagreement herein between trial counsel in drawing the jury, the ensuing order, and appeal therefrom could have been minimized or averted if the Trial Justice on his own motion had implemented the provisions of CPLR 4107. (Appeal from order of Onondaga Trial Term granting defendant's motion for a mistrial.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.